And our last class, our last class, our last case for today is JF v. Carnival Corporation. All right, whenever you're ready, Mr. Gerson. Thank you, Your Honor. Good morning, everyone. May it please the court. My name is Philip Gerson. I represent the plaintiff appellant in this case, a underage teenager from Canada who was raped and sodomized on a Carnival cruise ship. We're here to challenge what we believe is reversible error by the trial court finding, as a matter of law, that no reasonable jury could decide that it was foreseeable to Carnival that between 12 and 1 a.m. unsupervised teenagers could forcibly rape and sodomize an underage girl. Foreseeability, admittedly, is an element of the cause of action that we pled in this case, and it limits and defines the duty to anticipate the need to undertake preventability measures in an environment where literally thousands of unpoliced passengers are on a vessel where um there are a few rules and out the use of alcohol is uh freely and in uh undertaken and encouraged but surely surely that's not enough right or you just uh made liable every cruise line and potentially every hotel in the country oh of course not right i'm i'm just setting just getting well you're just getting going right well there's more what i'm trying to say is these folks weren't in church uh they were in an environment that was designed to promote uh consumption of alcohol and a party atmosphere common sense alone without any prior incidents should teach that trouble can happen if dozens of teenagers freely roam in a party atmosphere on a cruise ship after midnight carnival knows that when the teen club closes at 11 o'clock at night there's nowhere for the teenagers to go the casino was off limits because they're underage but i guess just to press you a little bit and because your time is limited that cannot possibly be enough right like somehow you've got to drill down to a much more specific kind of level of generality or so far like we're three or four minutes in and every cruise ship or at least every carnival cruise ship is liable well i i will then um follow your suggestion i'm just trying to make you focus on this best evidence yeah good specific evidence is that we had uh 102 prior incidents within the three years that were reported by carnival over half of those occurred like this one did within the confines of passenger stateroom the um the evidence showed that carnival was very aware of this problem because they reached out to reign the um that's the acronym for um the rape and incest network i'd say a non-profit victim services organization so recognizing the the problem of sexual assault on its ships carnival reached out to rain for consultation concerning policies and procedures which could be undertaken to improve the environment and reduce the crime um we also have the fact that the principle one of the principal offenders zion emory uh was um um discovered attempting to smuggle alcoholic beverages onto the cruise ship uh and the cruise ship uh caught him but really did nothing to keep an eye on him uh going forward but i'm not sure that smuggling you know an alcohol that a teenager smuggling alcohol onto a cruise ship is sort of a heads up that that same individual might rape another person i mean how does that how is that related it teaches that that individual is willing to break the rules deliberately consciously and intentionally and therefore should put the cruise line on notice that this is a person who is willing to break the rules and if they're not going to discipline him by putting him off the ship which they could have done under their policies and procedures if they're not going to supervise him carefully if they're not going to counsel him with his family that there is a risk that he'll do something else and we know that he did in this case so let me ask you this i mean we've got a lot of like cruise ship cases right um and it seems like here everybody's basically debating the same cases so you've got you know sort of kt and chaparro if i'm pronouncing that correctly and then fuentes right so where does this case in your mind sort of slot into that spectrum i mean it's clearly kt is a horrifying case and all of the red flags in kt were in public right and the court made a point of that in writing up kt like everything happened in public right under the noses of the people running the cruise ship this isn't that right we don't have like public red flags here in the same way we did in kt well it's much like the hs case which happened to be my client as well and interestingly the same defense lawyers were in that case it was dismissed by judge king on a motion and this court affirmed basically on the deficiencies of our pleading in that case not any ruling on the merits of it but it's very similar in that teenagers those teenagers actually had uh contraband alcoholic beverages in their state room and they tricked a young a young teenage girl from uh canada into their room and once she was in the room uh she was sexually assaulted so but just so i'm clear the disposition of that case was dismissed at 12b6 and then affirmed on appeal yes i don't know it wasn't a summary judgment it wasn't a summary judgment case right no it was not but i don't think i understand how that helps you i mean i guess i'm asking for like what's your best case well it can't be it if if your side sort of lost whatever the procedural posture like what's your best case well the significance of that opinion is that it's to carnival that this exact scenario has played out before whether we won the case or we lost the case is irrelevant the point of notice is are you aware that there is a risk that this harm could occur and it did what are my what are my best cases i think the um the chaparro case the kt case the macklewain case which is a district court opinion from judge huck um all of those cases um support our position you know i mean maybe we just take those um uh one by one but i mean do you do you deny that in kt the red flags were very public you know no no of course they were drinking in public and there were many crewmen in the area who could have and likely should have so we don't really have that here right um not exactly not exactly but we do have uh a group of teenagers who are wandering around the ship where there's nowhere for them to go and nothing's that they're let me come at that uh what i really want to know is what is it that you would have had the cruise ship company do that it didn't do here the reason i raise the question is as you look at the sequence of events they go they all go into this club including your client uh and zion nothing happens in the club no alcohol is served in the club there's no indication in the club that there is a disturbance or that he is hitting on her or anything like that then they leave the club some subset of that group in the club go off to a pizza restaurant in another location on the ship including your client zion and others nothing happens there there's no indication as best i can tell that he was hitting on her there was a disturbance or any problem and then the problem arises only after she says i gotta go back to my room i've got a curfew they're walking back and on the way he says i want to charge my phone if i have the facts right and then she says i want a tissue she goes into the state room the is shut uh and the sexual predation occurs in the room behind the closed door at what stage in this scenario of events would you have the cruise ship company done something different tell me what should they have done that they didn't do that makes them actionable here a number of things first there should have been a curfew for teenagers after the supervision within the teen club ended so that we did not have these children of tender age unsupervised roaming around a ship where they weren't welcome anywhere else besides the pizzeria so that a cruise ship company then is required as a matter of law under the law of maritime negligence to have a curfew for anyone under 20 they have to go back into their room at what time would you the cruise ship and say you got to be in your room by 11 12 i i with all due respect i didn't get to finish my answer i'm sorry not only the curfew should be for them to be unsupervised the parents should be told that the supervision ends whenever the teen club activities end which is generally allowed 11 o'clock and the the youngsters should be allowed to go around the as long as they're with their families or their family members secondly the parents should be told that sexual assaults on teenagers have occurred in the past and that there are no supervised activities for them after the teen club club closes they can't go in the casino they can't in the disco they can't go in the bars there's nothing for them to do except to get in trouble third they should train their security officers to patrol and to interact with teenagers who are wandering around the ship between 12 and one o'clock in the morning they only had a security force of seven perhaps eight if you take the other the cruise lines view of the eight or seven three were deployed in the disco presumably others were deployed in the casino so you've got no more than three at the most patrolling a ship with 15 decks and thousands and thousands of people there are all of the combatants in this case all of the teenagers testified that they saw no security at any time from when they left the teen club until when they were after the incident had happened is it unreasonable to expect the cruise line to tell the parents is it unreasonable for the cruise line to offer a security escort for teenagers back to their rooms at one o'clock or to at least hand them off to a responsible adult who's in their traveling party rather than just letting them loose in an environment where there's nothing for them to do except to get in trouble all right thank you mr gerson uh you preserve five minutes for rebuttal is it mr rao yes your honor thank you may it please the court my name is tyler rao appearing on behalf of the appellee carnival cruise line this assault was tragic all parties agree on that and all parties agree that this particular assault was not reasonably foreseeable to carnival well you think i'm not sure that based on the briefing on page 25 of their brief where plaintiff states that this occurred in undetectable private location that's different though that's saying something different i mean he says in the last three years carnival has had 102 sexual assaults on its ship just that are reported and that of those 54 have occurred within cabins like this one did and that was more than enough notice that that there was a problem with sexual assault not only on the ships but in the cabins that's what he says and you know that's what you need to address right and that's why i said particular assault because this particular assault was not reasonably foreseeable to carnival because these assailants were acting completely normal in the days hours and minutes leading to when they entered the stateroom it did not become a risk-creating condition until after they entered the stateroom and after plaintiff exited the restroom only then did they pose an apparent risk-creating condition let me ask you a quick question because uh you know i said we've got a i've written one of the cruise cases it's not a it's not a passenger on passenger assault case it's a case called brady it's about somebody slipping on a puddle but in brady we said um that the cruise company didn't need to uh sort of have notice of this particular puddle but just like puddles of this variety like this risk more generally so can you really say that you win just because the cruise company didn't foresee or have any reason to foresee this particular assault or do we have to abstract out a little bit maybe you might say he's abstracting out way too far but i mean we can't just say like this particular assault can we i think we can say this particular assault based on what point it is held what is the what do we do with the puddle case then so a puddle case if it's a recurring condition based off a risk-creating condition that might be static like maybe a beverage station is continually leaking or something like that then it could be the same risk-creating condition causing all of these various incidents wouldn't 102 times be repeated no because these all involve very distinct facts different risk-creating conditions the assailants themselves in these cases are the risk-creating conditions and that's why to impose liability carnival must be able to reasonably apprehend that these particular assailants i mean at some point presumably if there are 102 if there are 102 sexual assaults and 54 of them take place in the room and carnival isn't catching any of them right at some point you know you've got a situation where you have notice well it's not a matter of of notice like yes carnival has notice of those assaults but what duties arise from that notice that carnival can do within those state rooms so are there any is like is there any statistical line that would move you what if it weren't 102 and 54 it was 1500 and 700 well i think the the incidents here are just the numerator and the probability equation we also have to consider the denominator which is 15 million 15 million passengers sailed in those three but okay so but my i think like the basics of my question remain whatever the denominator is is there any numerator that would ever be high enough for you to say like okay uncle um yeah we've got to have notice at some point the the incidents have to be substantially similar similar such that the risk-creating condition in these cases are the same right the bottom line though is you can imagine a statistical showing that would be meaningful your point is it isn't here i'm saying do i have that right it is meaningful in the sense that carnival took these priors and analyzed what it could do and it reallocates security forces it has audited its policies through rain it has sent security officers to six-week trainings and it has done background checks he said there are a series of things the cruise line ought to be required to do in the face of this palpable risk he listed the and i would like you to comment about them he said given the general risk of sexual predation on a cruise ship when you're dealing with teenagers among other things one if i have it right there has to be a curfew for the teenagers so that if they are unescorted unsupervised by a parent friend or some other adult they got to be back in their room at some fixed time 11 is what he said second he said given the risk the cruise ship is obliged to tell the parents that there have been sexual assaults on their ships in the past um third they have to be told that they got to pick up their kids at a certain time if they're unescorted in a club or wherever um and finally he said that their security officers ought to be in essence walking the halls of the cabins the the decks where the cabins are he didn't quite go so far as to say there ought to be a security officer on each end of each deck on port and starboard etc etc but there ought to be more of an effort on the part of the cruise ship to walk the floors particularly to avoid a problem of uh of this kind he says those are the kinds of things that are required in order to meet the otherwise palpable risk and concern that's evident from 102 or 54 instances out of 15 million people over three years being on their ships so starting with the curfew there there's no notice that undoubtedly your business would take a real hit if you did any of those things well for this also you take an economic hit i'll start with the second and third point then which is what we should have told them and we did tell the parents that they should have been supervising them the parents here signed a waiver when they when they where will we find that in the record that the parents were notified and told to do something well in this case it should be in a deposition i don't have it like off the top of my head where it's at in the record but deposition of the victim's parents it should be because they they signed a waiver for the plaintiff and her sister that they would be going to club o2 and that they'd be free to come and go as they pleased and in the ticket contract itself it warned parents that they should be supervising their children and that they would take responsibility for their children and things of that nature as to the curfew question did it say anything about sexual assaults on carnival's website they do link to the statistics that we're discussing here but the ticket contract itself does not mention sexual assaults now regarding the curfew issue in order to impose a curfew plaintiff has to provide notice that a curfew was needed and in these substantially similar or in all of these incidents none of them are substantially similar none of them have to do with the time plaintiff has not shown that the time was at issue in this case he could have happened but it was right because there was nowhere for them to go everything was closed to them the the club was closed um so it's i mean that's what he argued he said the reason that the curfew was necessary was because there was no place for them to go well they were lounging on an upper deck like close is is a relative term they're nowhere supervised for them to go well supervised is also a relative term because there are still security officers patrolling the ship like some of them were stationed in certain areas and some of them were patrolling but they weren't on every floor right not every floor no but there's so i don't think you can really say that it was supervised i mean if your argument is while they were i think you lose right because then it becomes a factual issue no what i'm saying is that we don't have a duty to have specific supervision of every teenager who might be patrolling the corridors there has to be some sort of notice to give rise to that duty as a prerequisite to it and plaintiff hasn't shown notice that teenagers patrolling the corridors at this time was a risk rating condition itself let me ask you a question i mean really we're here only because the district court decided the foreseeability issue so whether or not there's causation is a completely different question that the district court did not consider right the district court considered causation because foreseeability is part of the causation it did not strictly consider the whole causation issue though it depends on which theory of liability we're discussing as to the inadequate staffing theory i i believe that the court did consider causation it said that no matter how many security officers were on board whether it was 20 25 32 none of them would have been in the state room at that time and been able to detect the risk creating condition in order to prevent it before plaintiff suffered her injury that's a causation holding for some other theories such as the alcohol smuggling theory it's a duty issue because it's not foreseeable as your honor correctly recognized that a person is going to commit a rape because they brought alcohol on board a vessel so foreseeability plays a different role for some of these theories in terms of duty as to causation but the district court did correctly rule that no matter how many security officers were on board if there was a hypothetical security officer patrolling in this corridor that security officer would have no reason to intervene with these teenagers who were acting completely normal in the days hours and minutes leading up to the assault and that's a causation holding and the district court got that correct and this court should affirm that because as Fuentes held in the context of passenger-on-passenger violence a cruise line has a duty to intervene or protect against that assault only when it could apprehend the danger in time to intervene and the only evidence in this case relating to particular foreseeability is plaintiff's own testimony and she testified that these assailants were normal they were unassuming she didn't feel unsafe around them when they were lounging on the deck among the group of 10 to 20 teenagers while they were eating pizza or in the days that they were in club o2 there was no indication that these teenagers were committed were capable of such a heinous and evil act and under Fuentes that's what the law requires in some ways there's a duty issue in some ways that's a causation issue depending on let's go back to a question that my colleague Judge Newsome asked earlier about the body of statistical evidence in the case and let's talk about what there is statistically presented in this case and whether that was enough to fairly put them on notice to oblige them to do more than that which they did as I understand it JF argues that over three years there were 102 fleet-wide reports to carnival of we're talking passenger-on-passenger here there were 102 fleet-wide reports to carnival of passenger-on-passenger sexual misconduct and more specifically 54 of those incidents occurred in private rooms if that isn't enough tell us why not what more would they have had to offer in order to fairly put the cruise ship on notice that it had to do more than it did and he's offered three or four things that the cruise ship should do that they haven't done as to those things it's more of a causation issue it's not a matter of what the cruise line could or should have done more carnival did respond to those priors by by auditing his policies and doing background checks on passengers it's a matter of yeah he says they haven't done enough what they should have done was the four things that he laid out but what plaintiff hasn't identified is what carnival could have done in that state room how could carnival have prevented this assault with doing anything more and that you know that might have been one thing you could have done but if they don't get to the state room in the first place then he doesn't have a then there's no issue there right and that's basically what he's arguing if we told them a b c d if we did these things then they wouldn't have gotten to the state room in the first place I mean that's I'm understanding his position to be I believe that's his position only as to the curfew issue with a hypothetical security officer that's patrolling the corridor I don't think it's necessarily true that he that they wouldn't make it to the state room if this security officer is walking by these teenagers who are acting completely normal they would have no reason to interfere with them or to think that they're doing anything other than going to the state room the only thing that could cause them to not go to the state room at that time was would be a there's no notice in this case that carnival had a duty to impose a curfew on these teenagers plaintiff hasn't identified any of these priors that occurred between the hours of midnight and 1 a.m there's nothing to indicate that that was the reason why this assault occurred or that carnival had a duty otherwise to impose a curse so the problem with the data is it doesn't tell you enough from which to infer anything yes that's your point the district court correctly recognized that there's no substantially similar incidents in in that data nothing that would make this particular assault foreseeable and because this particular assault was not foreseeable this court should affirm summary judgment in favor of carnival thank you all right thank you counsel we'll hear again from mr gerson thank you your honor may it please the court we're not asking you to hold as a matter of law that it was foreseeable to carnival we're simply saying that the evidence does not support a finding that it would be impossible for any reasonable jury to find that it was foreseeable what about what about your friend across the aisles arguments that there wasn't enough information that you presented about the specific incidents with respect to you know you didn't show what occurred or anything of that nature well first of all to get any information we needed an order from the magistrate since carnival refused to provide any voluntarily and what we have is what they gave us but certainly they know much much more about each of these incidents because that many of them were reported to um land-based law enforcement authorities and there was all what we put in the record was the most that we could get out of them about these prior events and we're also not asking you to rule as a matter of law that they were required to undertake the measures that i suggested which i don't think would cause an economic hit to have a curfew and a piece of paper given to the parents but he said he said in that regard mr gerson that there were indeed warnings he said in the course of the deposition and just help me with this whether it's accurate or incomplete he says one we look at the deposition of the victim's parents uh will find waivers and notice and indeed in the contract that they signed buried somewhere in four pages of tiny print we'll also find specifically some warnings about this what's actually in the record when we dive deep in as we will nothing specific to this risk of harm the waiver that he references is a waiver for injury that may occur during the participation within club o2 which is where she was supervised and we have no complaints about what happened in club o2 it was after the parent signs a waiver form before a kid can go into club exactly okay exactly now um council seems to misunderstand what the whole point of security is it's not to intervene to enter the the ridiculous scenario that they should enter a stateroom and then physically prevent the sexual assault on my client it's that if there is security and there are adequate number of officers patrolling and there are a half a dozen teenagers walking around then security should ought to introduce themselves to them should ask them where they're going should volunteer to help them find their staterooms cruise ships are places where people get lost all the time because they're complex structures and in the especially in the early days of a cruise it's confusing to many people as to how to find their way back am i on the front of the ship or the back of the ship etc etc so that's what security does it works on the concept of deterrence and that's what we see in our everyday lives in all public places where we go security guards being effective in promoting safety by deterring crime by intervening before a situation gets out of hand and a young girl is assaulted is tricked into a stateroom and then is assaulted by teenagers who have misbehaved before all we're saying is that the the trial court's cavalier finding that there was no there was no similarity between the priors and the instant incident was not explained is not justifiable this was foreseeable to carnival just based on common sense that you put thousands of people on a ship and there's no police and you have a lot of teenagers who are unsupervised something bad is going to happen it was foreseeable because there were 102 priors it was foreseeable because there were reported opinions of substantially similar outcomes victimizing teenage girls it was foreseeable because they consulted rain in order to get advice on how to improve their policies and procedures it was foreseeable because the vice president of security for carnival mr foreo testified that the security deployment was not adequate in his opinion and that he asked senior management for more security guards and they told him no over and over and over again he says over a period of years finally it was foreseeable specifically because they knew that zion emory was a troublemaker who would break the rules in one way and if they knew that there should have been measures undertaken to single him out and be specially observant of him to prevent him from acting out illegally in another way to harm an innocent an innocent person thank you counsel um thank you both for your arguments today and we'll be in recess until tomorrow